UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO.:

Ginger L. Medders
and other similarly situated individuals,

    Plaintiff(s),

v.

Scrappy Thomas, Inc.
and Brian T. Lewis, individually,

    Defendants,

_____/

**COLLECTIVE ACTION COMPLAINT**
(OPT-IN PURSUANT TO 29 USC § 216(b))

Comes now the Plaintiff Ginger L. Medders, and other similarly situated individuals, by and through the undersigned counsel, and hereby sue Defendants Scrappy Thomas, Inc., and Brian T. Lewis, individually, and alleges:

Jurisdiction Venues and Parties

1. This is an action to recover money damages for unpaid regular and overtime wages and retaliation under the United States laws. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 USC § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2. Plaintiff Ginger L. Medders is a resident of Polk County, Florida. Plaintiff is a covered employee for purposes of the Act.

3. Defendant Scrappy Thomas, Inc. (from now on Scrappy Thomas, or Defendant) is a Florida corporation, having a place of business in Polk County, Florida, where Plaintiff worked for Defendant.

4. The individual, Defendant Brian T. Lewis, was and is now the owner/partner/officer and Manager of Defendant Corporation Scrappy Thomas. This individual Defendant was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 USC § 203(d)].

5. All the actions raised in this complaint took place in Polk County, Florida, within this Court's jurisdiction.

## General Allegations

6. This cause of action is brought by Plaintiff Ginger L. Medders as a collective action to recover from the Defendants overtime compensation, retaliatory liquidated damages, costs, and reasonable attorney's fees under the provisions of Fair Labor Standards Act, as amended, 29 USC § 201 *et seq* (the "FLA or the "ACT") on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked more than forty (40) hours during one or more weeks on or after March, 2019 (the "material time") without being adequately compensated.

7. Defendant Scrappy Thomas is a scrap metal recycling company. Defendants' business is located at 1155 Pebbledale Road, Mulberry, FL 33860, where Plaintiff worked.

8. Defendants Scrappy Thomas and Brian T. Lewis employed Plaintiff Ginger L. Medders as a non-exempted, full-time employee from October 01, 2018, to December 22, 2021, or more than 3 years. However, for FLSA purposes, Plaintiff's relevant period of employment is 142 weeks.

9. Plaintiff had duties as a scrap metal worker, recycling, and cleaning employee. Plaintiff's last wage rate of $15.00 an hour. Plaintiff's overtime rate should be $22.50 an hour.

10. Plaintiff worked under the supervision of the business owner, Brian T. Lewis.

11. While employed by Defendants, Plaintiff had a regular schedule, she worked 6 days per week. From Monday to Friday, Plaintiff worked from 7:30 AM to 4:00 PM (8.5 hours each day). Plaintiff also worked on Saturdays from 10:00 AM to 4:00 PM (6 hours). Thus, Plaintiff worked 6 days per week, a minimum of 48.5 hours weekly.

12. Plaintiff was paid regular wages and some overtime hours.

13. However, during her employment with Defendants, Plaintiff could not take bonafide lunchtime. Although Plaintiff ate while working, Defendants

deducted from Plaintiff's working hours 30 minutes daily or 3 hours in one week of lunchtime.

14. These 3 lunchtime hours, improperly deducted, constitute 3 unpaid overtime hours.

15. Plaintiff was not allowed to clock in and out personally. Instead, somebody else from the office clocked her in and out. Plaintiff did not have access to check the number of hours she worked, but Defendants could track the number of hours worked by Plaintiff and other similarly situated individuals and were in complete control of Plaintiff's schedule.

16. Therefore, Defendants willfully failed to pay Plaintiff overtime hours at the rate of time and one-half his regular rate for every hour that they worked over forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 USC 207(a)(1).

17. Plaintiff was paid weekly with paystubs that did not show the number of days and the real number of hours worked.

18. Plaintiff disagreed with the lunchtime deductions, and she complained verbally to the owner of the business Brian T. Lewis several times. Defendants did not pay attention to Plaintiff's complaints,

19. On or about December 22, 2021, Plaintiff left her position after suffering retaliatory treatment because Plaintiff's husband filed an FLSA action against Defendants on or about October 20, 2021.

20. Plaintiff GINGER L. MEDDERS intends to recover 3 overtime hours, corresponding to 3 hours deducted as lunchtime every week during her entire period of employment with Defendants, liquidated damages, and any other relief as allowable by law.

## Collective Action Allegations

21. Plaintiff brings this action pursuant to the Fair Labor Standards Act, 29 USC §§201, *et seq.* ("the Act"). Section 216 (b) for jurisdictional placement).

22. Plaintiff contends that Defendants, in this case, violated the Fair Labor Standards Act by failing to pay Plaintiff and other similarly situated individuals the proper compensation for overtime hours worked at the rate of time and one-half her regular rate.

23. This action is intended to include every scrap metal worker employee and any similarly situated individuals who worked for Defendants at any time during the past three (3) years.

## COUNT I:
## WAGE AND HOUR FEDERAL STATUTORY VIOLATION;
## FAILURE TO PAY OVERTIME; AGAINST ALL DEFENDANTS

24. Plaintiff Ginger L. Medders re-adopts every factual allegation stated in paragraphs 1-23 above as if set out in full herein.

25. Defendant Scrappy Thomas was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 USC § 203(r) and 203(s)(1)(A). Defendant is a scrap metal recycling company. Defendant had more than two employees recurrently engaged in commerce or the production of goods for commerce by regularly and recurrently using the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources; by using electronic devices to authorize credit card transactions by ordering product and supplies produced out of State. Upon information and belief, the annual gross revenue of the Employer/Defendant was always more than $500,000 per annum. Therefore, there is FLSA enterprise coverage.

26. Plaintiff and those similarly situated were employed by an enterprise engaged in interstate commerce. Plaintiff was a welder, recycling, and cleaning employee. Plaintiff handled and worked with goods and materials that were moved in interstate commerce at any time during the business. Therefore, there is individual coverage.

27. Defendants Scrappy Thomas and Brian T. Lewis employed Plaintiff Ginger L. Medders as a non-exempted, full-time employee from October 01, 2018, to December 22, 2021, or more than 3 years. However, for FLSA purposes, Plaintiff's relevant period of employment is 142 weeks.

28. Plaintiff had duties as a scrap metal worker, recycling, and cleaning employee. Plaintiff's last wage rate of $15.00 an hour. Plaintiff's overtime rate should be $22.50 an hour.

29. Plaintiff worked under the supervision of the business owner, Brian T. Lewis.

30. While employed by Defendants, Plaintiff had a regular schedule, she worked 6 days per week, an average of 45.5 hours weekly. Defendants deducted 3 hours as lunchtime weekly.

31. Plaintiff was paid regular wages and some overtime hours.

32. However, during her employment with Defendants, Plaintiff could not take bonafide lunchtime. Although Plaintiff ate while working, Defendants deducted from Plaintiff's working hours 30 minutes daily or 3 hours per week of lunchtime.

33. These 3 lunchtime hours, improperly deducted, constitute 3 unpaid overtime hours.

34. Plaintiff was not allowed to clock in and out personally. Instead, somebody else from the office (Secretary Ella LNU) clocked her in and out. Plaintiff did not have access to check the number of hours she worked, but Defendants could track the number of hours worked by Plaintiff and other similarly situated individuals and were in complete control of Plaintiff's schedule. Plaintiff complained several times, and during her last year of employment, she was authorized to clock in and out by herself. The last year of employment, Plaintiff clocked in and out for herself, after

35. Therefore, Defendants willfully failed to pay Plaintiff overtime hours at the rate of time and one-half his regular rate for every hour that they worked over forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 USC 207(a)(1).

36. Plaintiff was paid weekly with paystubs that did not show the number of days and the real number of hours worked.

37. The records, if any, concerning the number of hours worked by Plaintiff and those similarly situated, and the compensation paid to such employees should be in the possession and custody of Defendants. However, Defendants did not maintain accurate time records of hours worked by Plaintiff and other employees upon information and belief.

38. Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

39. Upon information and belief, Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their Federal rights to overtime and minimum wage payments. Accordingly, Defendants violated the Posting requirements of 29 USC § 516.4.

40. Plaintiff is not in possession of time and payment records, but she will provide a reasonable faith estimate based on his recollections and the best of his knowledge. After discovery, Plaintiff will amend her statement of claim accordingly.

    a. <u>Total amount of alleged unpaid O/T wages</u>:

    Nine Thousand Five Hundred Eighty-Five Dollars and 00/100 ($9,585.00)

    b. <u>Calculation of such wages</u>:

    Total period of employment: More than 3 years weeks
    Relevant weeks of employment: 142 weeks
    Total hours worked: 48.5 hours weekly
    Total unpaid O/T hours: 3 O/T hours (3 lunchtime hrs. deducted
    Regular rate: $15.00 x 1.5=$22.50 O/T rate

    $22.50 x 3 O/T hours=$67.50 weekly x 142 weeks=$9,585.00

    c. <u>Nature of wages (e.g., overtime or straight time)</u>:

    This amount represents unpaid overtime wages.

41. At all times material hereto, the Employers/Defendants failed to comply with Title 29 USC §207 (a) (1), in that Plaintiff and those similarly situated performed services and worked more than the maximum hours provided by the Act. Still, the Defendants made no provision to properly pay them at the rate of time and one-half for all hours worked over forty hours (40) per workweek as provided in said Act.

42. Defendants knew and showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff and those similarly-situated these overtime wages since the commencement of Plaintiff's employment with Defendants as set forth above, and Plaintiff and those similarly situated are entitled to recover double damages.

43. At times mentioned, individual Defendant Brian T. Lewis was, and is now, the owner/partner/manager of Scrappy Thomas. Defendant Brian T. Lewis was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 USC § 203(d)]. This individual Defendant acted directly in Scrappy Thomas's interests concerning its employees, including Plaintiff and others similarly situated. Defendant Brian T. Lewis had financial and operational control of the

business, determined Plaintiff's terms and conditions of employment. Accordingly, he is jointly and severally liable for Plaintiff's damages.

44. Defendants Scrappy Thomas and Brian T. Lewis willfully and intentionally refused to pay Plaintiff overtime wages at the rate of time and one half her regular rate, as required by the law of the United States, and remain owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendants as set forth above.

45. Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay a reasonable attorney's fee.

## Prayer for Relief

Wherefore, Plaintiff Ginger L. Medders and those similarly situated respectfully requests that this Honorable Court:

A. Enter judgment for Plaintiff Ginger L. Medders and other similarly situated individuals and against the Defendants Scrappy Thomas and Brian T. Lewis based on Defendants' willful violations of the Fair Labor Standards Act, 29 USC § 201 et seq.; and

B. Award Plaintiff Ginger L. Medders actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorney's fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

Demand for a Jury Trial

Plaintiff Ginger L. Medders demands trial by a jury of all issues triable as of right by a jury.

Dated:  April 30, 2022

                              Respectfully submitted,

                              By: **/s/ Zandro E. Palma**
                              ZANDRO E. PALMA, P.A.
                              Florida Bar No.: 0024031
                              9100 S. Dadeland Blvd.
                              Suite 1500
                              Miami, FL 33156
                              Telephone: (305) 446-1500
                              Facsimile: (305) 446-1502
                              zep@thepalmalawgroup.com
                              *Attorney for Plaintiff*