UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GINGER L. MEDDERS
and other similarly situated individuals,

    Plaintiff(s),

v.                                  CASE NO.: 22-cv-01015-KKM-JSS

SCRAPPY THOMAS, INC.,
and BRIAN T. LEWIS, individually,

    Defendants,
_____/

## *JOINT MOTION TO APPROVE FLSA SETTLEMENT AGREEMENT AND DISMISS CASE WITH PREJUDICE*

    Plaintiff, GINGER L. MEDDERS, and Defendants, SCRAPPY THOMAS, INC., and BRIAN T. LEWIS, individually (together "Defendants"), by their respective counsel, file this Joint Motion to Approve FLSA Settlement Agreement and Dismiss Case with Prejudice and in support thereof state:

    1.    Plaintiff's Complaint alleges that Defendants violated the Fair Labor Standards Act ("FLSA") by failing to pay Plaintiff overtime compensation and retaliating against her. (Doc. 1).

    2.    Defendants deny any wrongdoing under the FLSA.

    3.    On August 31, 2022, the Parties met in good faith to discuss settlement and settled the case. (Doc. 18). The form of the Settlement Agreement, which the Parties have agreed upon, is attached as **Exhibit A**. Specifically, Defendants have

ACTIVE:16026514.1

agreed to pay $3,000.00 to Plaintiff and $2,500.00 to Plaintiff's counsel for attorneys' fees and costs.

4. Under *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982), claims for back wages arising under the FLSA may be settled or compromised with the approval of the district court (or under the supervision of the U.S. Department of Labor). Accordingly, the Parties request that the Court review and approve their settlement and dismiss this action with prejudice.

5. At all times material hereto, Plaintiff and Defendants have been represented by counsel experienced in the litigation of FLSA claims and the settlement amount and the final Settlement Agreement was the subject of arms-length negotiations. The Parties voluntarily exchanged all relevant information and documents and engaged in good faith settlement discussions. The Parties therefore respectfully submit that the Settlement Agreement they have entered is consistent with the intent and purpose of the FLSA and the requirements of *Lynn's Food*, as all of the relevant criteria support approval of the ultimate settlement in this matter.

6. To avoid the costs and uncertainty of further litigation, the Parties have negotiated a settlement of this matter, which is intended to resolve all past, present and future claims by Plaintiff against Defendants.

7. The Parties stipulate that the settlement is a fair and reasonable resolution of a *bona fide* dispute between the Parties. The probability of success on the merits and

length of future litigation militate in favor of this settlement. If the Parties continued to litigate this matter, they would be forced to engage in costly litigation in order to prove their claims and defenses. This settlement, therefore, is a reasonable means for both Parties to minimize future risks and litigation costs.

8. The attorneys' fees and costs to be paid in this case were agreed upon separately and without regard to the amount to be paid to the Plaintiff under the Settlement Agreement. The amounts being paid to Plaintiff under the Parties' settlement was negotiated based upon the value of the claims asserted, including the overtime wages claimed by Plaintiff, with attorneys' fees and costs broken out separately. All of the attorneys' fees associated with Plaintiff's FLSA claims are being fully paid as a part of the settlement. Defendants agree and acknowledge that the sums to be paid by it under the Settlement Agreement for Plaintiff's attorney's fees and costs (which include the fees associated with all of Plaintiff's claims) are reasonable based upon the circumstances herein and that the amounts to be paid by Defendants satisfy any and all amounts Plaintiff owes to his attorney.

WHEREFORE, the Parties respectfully request that the Court approve the proposed Settlement Agreement, thereafter, dismiss this action with prejudice, and grant such other further relief as is necessary and just in the circumstances.

| | |
|---|---|
| */s/ Zandro E. Palma* <br> Zandro E. Palma, Esq. <br> Law Offices of Zandro E. Palma, P.A. <br> Florida Bar No.: 0024031 <br> 9100 S. Dadeland Blvd. <br> Suite 1500 <br> (305) 446-1500 <br> E-mail: zep@thepalmalawgroup.com <br><br> ***Attorneys for Plaintiff, Ginger L. Medders*** | */s/ Jounice L. Nealy-Brown* <br> Eduardo A. Suarez-Solar, Esq. <br> Florida Bar No.: 958875 <br> Jounice L. Nealy-Brown, Esq. <br> Florida Bar No.: 124793 <br> Gunster, Yoakley & Stewart, P.A. <br> 401 E. Jackson Street, Suite 1500 <br> Tampa, FL 33602 <br> (813) 222-6653; Fax: (813) 228-6739 <br> Primary E-mail: <br>    esuarez@gunster.com <br>    jnealy-brown@gunster.com <br> Secondary E-mail: <br>    tkennedy@gunster.com <br>    eservice@gunster.com <br><br> ***Attorneys for Defendants, Scrappy Thomas, Inc. and Brian T. Lewis*** |

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 19th day of September, 2022, a true and correct copy of the foregoing document was furnished by electronic mail to Zandro E. Palma, Esq., of Zandro E. Palma, P.A., 9100 S. Dadeland Blvd. Suite 1500, Miami, FL 33156 at zep@thepalmalawgroup.com.

Dated: September 19, 2022          Respectfully submitted,

                                   */s/ Jounice L. Nealy-Brown*
                                   Jounice L. Nealy-Brown, Esq.

4